IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PERICE LADD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SEAN M. FEATHERSTUN, | )   Case No. 25-cv-1876-DWD |
| JULIE A. KOZUSZEK, | ) |
| PAIGE CLARK-STRAWN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Perice Ladd, a former inmate of the Illinois Department of Corrections, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). The Court concluded that his initial complaint failed to state a claim, and Plaintiff has filed a timely amended complaint (Doc. 8). Plaintiff faults defendants for allegedly relying on incorrect information during his underlying criminal proceedings to secure a higher sentence. Plaintiff has applied to proceed *in forma pauperis*. (Doc. 2). Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability to pay such fees or give security therefore and stating, the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Under § 1915(e)(2), the Court is also required to consider if a party has presented plausible claims for relief before granting pauper status. The Court may

dismiss a case or deny a party's IFP application if the action is clearly frivolous or malicious, fails to state a claim, or seeks monetary damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff faults Defendants Featherstun and Kozuszek for improperly treating one of his prior criminal proceedings as a conviction during the sentencing phase of recent criminal proceedings. (Doc. 8 at 4). Specifically, he claims that he completed probation for case 2006-CF-169, and the case should have been dismissed entirely upon completion of probation and payment of fines. Despite this agreement, Featherstun and Kozuszek allegedly knowingly presented information about the previous offense to enhance Plaintiff's sentence in case 2018-CF-460. He alleges that the presentation of the predicate conviction was the sole basis to give him a 30-year sentence. (Doc. 8 at 4).

Plaintiff faults his defense attorney, Defendant Paige Clark-Strawn, for knowing that the conviction should not be considered a predicate but failing to take action to correct his sentence. (Doc. 8 at 5). He alleges that on July 23, 2025, the sentencing court "corrected [his] sentence, removed the habitual criminal enhancement, and resentenced [him]." (Doc. 8 at 5). He claims that under the new sentence, he was eligible for immediate release and actually overserved his sentence. He alleges that the Defendants fabricated evidence against him in violation of the Fourteenth Amendment, they

conspired against him, and Defendant Clark-Strawn deprived him of a liberty interest by failing to intervene on his behalf. He seeks monetary compensation.

A review of the publicly available criminal docket sheet for Plaintiff's case in Jefferson County Court indicates that in July of 2025 his sentence was reduced from 30 years to 15 years. *See State v. Ladd*, Case No. 18-CF-0460 (Jefferson County Court).[1] Case No. 18-CF-0460 is set for a hearing on February 4, 2026. *Id.* The Illinois Department of Corrections inmate locator tool indicates that Plaintiff was released on parole on July 25, 2025, but it does not indicate a parole discharge date.[2]

## Discussion

Plaintiff's amended complaint is subject to dismissal for the reasons previously explained in relation to his original complaint. Specifically, he is still attempting to bring allegations against the defendants for actions taken directly within the ordinary course of criminal proceedings. Prosecutors Featherstun and Kozuszek have absolute immunity for acts they took during criminal proceedings. Such immunity applies to actions within the scope of prosecutorial duties, *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016) (immunity applied to the extent a plaintiff allege that prosecutors made false statements at trial), and can apply even if a prosecutor acts with malice or in an unreasonable fashion, *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Plaintiff faults Featherstun and Kozuszek

---

[1] Accessible via Judici.com, https://www.judici.com/courts/cases/case_dispositions.jsp?court=IL041025J&ocl=IL041025J,2018CF460,IL041025JL2018CF460D1, last accessed January 20, 2026.
[2] IDOC Inmate Locator Tool, https://idoc.illinois.gov/offender/inmatesearch.html, last accessed February 3, 2026.

for representations during the sentencing phase of his case but this is undisputably a core prosecutorial function, so they are protected by absolute immunity.

Second, as to Defendant Clark-Strawn, she cannot be held liable under § 1983. "A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Likewise, private defense attorneys also are not "state actors" amenable to suit under § 1983. *Id.* Clark-Strawn is not considered a state actor for purposes of her involvement with the sentencing phase of the case, so she is immune.

Third, Plaintiff alleges that the defendants conspired against him, but the assertion is utterly threadbare. Plaintiff has no allegation that plausibly suggests the defendants communicated about his predicate offense and reached an agreement to violate his rights. *See e.g.*, *Gills v. Hamilton*, 2026 WL 113265 (7th Cir. Jan. 15, 2026) (finding that an inmate failed to state a conspiracy claim against defendants because he did not establish an underlying constitutional violation and had nothing more than speculation to support his assumption that the defendants agreed to cause him harm). Furthermore, because Plaintiff's primary due process claims are being dismissed for failure to state a claim, Plaintiff cannot maintain a freestanding conspiracy claim. *See Archer v. Chisholm*, 870 F.3d 603, 620 (7th Cir. 2017) (a plaintiff cannot maintain a freestanding conspiracy claim under § 1983 if the other substantive § 1983 claims fail).

Having reviewed Plaintiff's allegations twice, the Court finds that it is not necessary to afford further opportunities to amend because the facts Plaintiff describes could not support a viable theory of relief against the named defendants. *See e.g.*

*Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915(e).

## Disposition

Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2), and his Motion for Status (Doc. 6) are **DENIED** as moot because this case is being dismissed for failure to state a claim. The Clerk of Court shall enter judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: February 3, 2026                              /s/ *David W. Dugan*
                                                      _____
                                                      DAVID W. DUGAN
                                                      United States District Judge

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.